IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHARLES J. BELSER, III ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 2:06-CV-00058-MEF |
| ) | |
| ) | [wo] |
| MONTGOMERY WATSON, et al., ) | |
| ) | |
| Defendants. ) | |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

By ORDER filed February 8, 2006, this court ordered the *pro se* plaintiff, Charles J. Belser, III, to appear **at 3:00 p.m. on February 27, 2006, in District Court 4A, for a hearing pursuant to 28 U.S.C. § 1915(e),** "made necessary because the Complaint is woefully deficient with respect to the person being sued and the basis for the lawsuit." The court advised:

> Plaintiff shall be prepared to discuss his claim and evidentiary support sufficiently for the court to decide if he should be given an opportunity to file an amended complaint. **Plaintiff's attendance at this hearing is mandatory, and failure to attend shall result in a recommendation that this action be dismissed.** (Doc. 5)

The Plaintiff failed to appear as scheduled. The court has confirmed the Clerk's transmittal of the Order to the Plaintiff by United States Mail on February 8, 2006, directed to his post office box of record; the mail was not returned. Accordingly, it is the **RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice for lack of prosecution.**[1]

---

[1] "A district court may dismiss *sua sponte* [for want of prosecution], with or without notice to the parties, incident to its inherent powers." *Rogers v. Kroger Co.*, 669 F.2d 317, 319 -320 (5th Cir. 1982). As the Supreme Court recognized in *Link v. Wabash R. Co.*, 370 U.S. 626, 629-631 (1962), "[t]he power to invoke this sanction is necessary in order to prevent undue delays in the disposition
(continued...)

It is further **ORDERED** that Plaintiff file any objections to this Recommendation not later than March 14, 2006. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 28th day of February, 2006.

/s/ **Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE

---

[1](...continued)
of pending cases and to avoid congestion in the calendars of the District Courts." Nonetheless, the "severe sanction of a dismissal or default judgment is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders." *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542 (11th Cir.1993), *citing Navarro v. Cohan*, 856 F.2d 141, 142 (11th Cir.1988).